JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert Hershman & Pamela Hershman, h/w

**DEFENDANTS**

United States of America

**(b)** County of Residence of First Listed Plaintiff   Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   All
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

M, M, D & C, LLP, Thomas A. Musi, Jr., Esquire, 21 W. 3rd St., Media, PA 19063, 610-891-8806

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act - Sections 2671 through 2680 of Title 28 of the United States Code

Brief description of cause:
Motor Vehicle Negligence

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 900,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   April 15, 2026

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Chester County, Pennsylvania_

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ is **not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.   Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.   Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☑ does **not** have implications beyond the parties before the court and ☐ does / ☑ does **not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

MUSI, MATTSON, DAUBENBERGER & CLARK, L.L.P.
By: Thomas A. Musi, Jr., Esquire
Attorney I.D. No. 75950
21 West Third Street
Media, PA 19061                                          **Counsel for Plaintiff(s)**
(610) 891-8806

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HERSHMAN & <br> PAMELA HERSHMAN, h/w <br> 387 Wells Terrace <br> West Chester, PA 19380 <br>       Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA <br> 615 Chestnut Street, Suite 1250 <br> Philadelphia, PA 19106 <br>       Defendant. | **Civil Action No.:** <br> **CIVIL COMPLAINT** |

## CIVIL COMPLAINT

Plaintiffs, Robert Hershman & Pamela Hershman, husband and wife, by and through their attorney, Thomas A. Musi, Jr., demands judgment against Defendant, United States of America and in support thereof alleges:

1.      This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2.      Plaintiffs, Robert Hershman (hereinafter referred to as Plaintiff) and Pamela Hershman, are husband and wife, and adult individuals and citizens of Pennsylvania who resides at 387 Wells Terrace, West Chester, PA 19380, within the Eastern District of Pennsylvania.

3. Defendant, United States of America (hereinafter referred to as Defendant "USA"), is a Federal Authority and/or governmental entity licensed and/or authorized to conduct and transact business within this Commonwealth within the Eastern District of Pennsylvania, with an office for service of process at the United States Attorney for the Eastern District of Pennsylvania at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

4. At all times material hereto, Defendant herein acted solely and/or exclusively through the conduct of their servant, work person, agent and/or employee, Tazel Ermel Burdine, of the United States Postal Service, a Federal Agency, who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America within the Eastern District of Pennsylvania.

5. At all times relevant hereto, Plaintiff brings this civil action for money damages against Defendant USA pursuant to the Federal Tort Claims Act 28 U.S.C. section 1346 (b) and sections 2671 through 2680 for personal injuries caused by the negligent or wrongful act and/or omission of an employee of the United State Postal Service, a Federal Agency, on behalf of the Defendant, United State of America, while acting within the scope of their employment within in the Eastern District of Pennsylvania.

6. At all times relevant hereto, Plaintiff resided in Chester County, Pennsylvania, pursuant to 28 U.S.C. Section 1391(b)(2), Defendant is subject to the venue of the United States District Court for the Eastern District of Pennsylvania.

7. At all times relevant hereto, the incident that gives rise to this Civil Complaint occurred in the Eastern District of Pennsylvania which will be set forth at length below.

## BACKGROUND

8.  On or about October 29, 2024, Plaintiff, Robert Hershman was driving a motor vehicle that was traveling northbound on South High Street in West Goshen, Pennsylvania.

9.  At that same time, Tazel Burdine, employee of Federal Agency, The United States Postal Service, was the driver United States Postal Service issued mail truck #3314610 and stopped facing the same direction as Plaintiff on the shoulder of the roadway on northbound South High Street in West Goshen, Pennsylvania.

10.  As Plaintiff, Robert Hershman, while lawfully traveling in the lane of travel began passing United States Postal Service Employee, Tazel Burdine (driver/mail carrier) suddenly and admittedly attempted to make an illegal U-turn onto the southbound lanes of South High Street causing United States Postal Service mail truck #3314610 to violently strike with the passenger side of Plaintiff, Robert Hershman's vehicle.  It was impossible for Plaintiff to avoid the collision.  A true and correct company of the West Goshen Police Department Incident Report is attached hereto as Exhibit "1."

11.  The force of the collision caused Plaintiff Robert Hershman's vehicle to flip over and violently jerk his head and jolt his body causing severe pain in the head, neck and spinal region.

12.  Plaintiff, Robert Hershman, was violently twisted in the vehicle during the crash sequence.

13.  The severity of the crash caused extensive damage to both vehicles, ultimately resulting in Plaintiff's vehicle coming to rest on its roof.

14.  Defendant solely and/or through the conduct of their servant, work person, agent and/or employee of the United States Postal Service who was acting in the course and scope of

their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America, had a legal duty and obligation to operate his motor vehicle in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper operation of motor vehicles on the streets of the Commonwealth of Pennsylvania.

15. Defendant herein acted solely and/or through the conduct of their servant, work person, agent and/or employee of the United States Postal Service who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America breached the legal duty and obligation he had to operate his vehicle in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper operation of motor vehicles on the streets of the Commonwealth of Pennsylvania.

16. As a result of the aforementioned motor vehicle accident, Plaintiff Robert Hershmans sustained serious and permanent physical injuries.

17. As a result of the aforementioned motor vehicle accident, Plaintiff Robert Hershman incurred significant economic damages.

18. As a result of the aforementioned motor vehicle accident, Plaintiff brings these claims against the United States for money damages for personal injury and losses that were caused by the negligent or wrongful act or omission of the employee of the government while acting with the scope of his employment, under circumstances where the United States is liable to the Plaintiff in accordance with the law of the place where the act and/or omission occurred, that being Chester County, Pennsylvania.

19. Pursuant to 28 U.S.C. Section 2675, Plaintiff sent notice of his claim and a duly completed Standard Form 95 with supporting documentation to multiple United States Federal Agencies including the subject Federal Agency, The United State Postal Service, on January 10 and March 4, 2025, respectively. Attached are true and correct copy of the notices and Form 95 marked as Exhibits "2" and "3."

20. The United States Postal Service, National Tort Center Law Department acknowledged receipt of the claim by letters dated March 31, 2025 and April 24, 2025. Attached are true and correct copies these letters as Exhibit "4."

21. To date, the subject Federal Agency, The United States Postal Service, has *not* denied the Plaintiff's claims or settled Plaintiff's claims within six (6) months of written acknowledgment of receipt of the administrative claim and Plaintiff has exhausted all required administrative remedies. Thus, Plaintiff brings this action against Defendant United States of America under authority of 28 U.S.C. section 2675(a), 28 U.S.C. section 1346(b)(1) and relevant case law.

## COUNT I – NEGLIGENCE

## PLAINTIFF ROBERT HERSHMAN v. DEFENDANT UNITED STATE OF AMERICA

22. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 of his Civil Complaint, as if fully set forth herein.

23. The serious and permanent physical injuries suffered by Plaintiff, as well as the economic damages he incurred and will continue to incur in the future, which will be set forth hereinafter, were solely caused by the negligent and careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his

employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America.

24.    The serious and permanent physical injuries suffered by Plaintiff, as well as the economic damages he incurred and will continue to incur in the future, which will be set forth hereinafter, were the direct and proximate result of the negligent and/or careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America..

25.    Defendant acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine was negligent and careless on or about October 29, 2024, in that he failed to do the following which includes but is not limited to:

a.    Maintain control over the motor vehicle he was driving;

b.    Maintain a proper lookout;

c.    Be attentive while operating a motor vehicle;

d.    Obey all traffic control devices;

e.    Take and/or employ adequate evasive maneuvers to avoid and/or prevent the accident in question;

f.    Note the position of Plaintiff's vehicle;

g.    Operate the motor vehicle that he was driving in a safe, prudent and/or cautious manner;

h.   Follow the flow of traffic;

i.   Travel within the posted speed limit; and/or

j.   Operate the motor vehicle that he was driving in conformity with the Commonwealth of Pennsylvania's rules and regulations governing the lawful and/or proper operation of motor vehicles by not performing a "U-Turn."

26.   As a result of the negligent and/or careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine, Plaintiff sustained serious injuries, all of which are or may be of a permanent nature, including, but not limited to:

a.   Spinal injuries;

b.   Soft Tissue Injuries;

c.   Concussion;

d.   Hyperflexion/hyperextension of cervical spine;

e.   Brachial Neuritis/radiculitis;

f.   Lumbar spine sprain/strain;

g.   Lumbosacral radiculitis;

h.   Segment somatic dysfunction of the thoracic spine;

i.   Headache syndrome;

j.   cervical spine and tissue injuries.

27.   As a result of the negligent and/or careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the

United States Postal Service, Federal Agency, who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine, Defendant's negligent and/or careless conduct, Plaintiff has been forced to undergo and will continue to be forced to undergo extensive medical treatment, including physical therapies, diagnostic and invasive injections.

28. As a result of the negligent and/or careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine, Plaintiff will require more invasive treatment in the future, potentially including surgical intervention.

29. All of the foregoing physical injuries have caused Plaintiff great pain and suffering, and may continue to cause him such pain and suffering for an indefinite time in the future.

30. All of the foregoing injuries are or may be permanent.

31. Plaintiff's injuries were the direct and proximate result of the negligent and/or careless conduct of Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine.

32. Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine's

negligent and/or careless conduct, and Plaintiff's injuries stemming there from, Plaintiff has been obliged, and may continue to be obliged in the future, to spend various sums of money for prescriptions, medical supplies, surgical appliances and/or medical treatment, to his great detriment and financial loss.

33.    Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of their employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine's negligent and careless conduct, and Plaintiff's injuries stemming there from, Plaintiff has and/or will accumulate outstanding medical bills and expenses.

34.    Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine's negligent and careless conduct, and Plaintiff's injuries stemming there from, Plaintiff has been unable to attend to the activities of daily living, as well as participate in various recreational activities and/or hobbies.

35.    Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine's negligent and careless conduct, and Plaintiff's injuries stemming there from, Plaintiff sustained and/or will sustain lost wages and/or the loss of future earning capacity.

36.     Defendant that acted solely and/or through the conduct of Defendant's servant, work person, agent and/or employee of the United States Postal Service, Federal Agency, who was acting in the course and scope of his employment and pursuant to the control, directives and purposes on behalf of said Defendant United States of America and, in particular, Tazel Burdine's negligent and careless conduct, and Plaintiff's injuries stemming there from, Plaintiff has suffered severe physical pain, mental anguish, a loss of life's pleasures, the inability to attend to his social engagements, and may continue to endure the same in the future to his great detriment and loss.

## COUNT II – LOSS OF CONSORTIUM

## PLAINTIFF PAMELA HERSHMAN v. DEFENDANT UNITED STATES OF AMERICA

37.     Plaintiff Pamela Hershman hereby incorporates by reference Paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.     As a result of the injuries to her husband, Plaintiff Pamela Hershman has been and/or may be compelled to expend monies for medical aid, medicine and the like to treat Plaintiff Robert Hershman.

39.     As a result of the injuries her husband sustained, Plaintiff Pamela Hershman has been and/or will be deprived of her husband's aid, comfort, society, companionship and affection.

40.     As a result of the injuries to her husband, Plaintiff Pamela Hershman has suffered and/or continues to suffer from her husband's loss of earnings and/or earning capacity and/or may in the future suffer from his loss of earnings and/or earning capacity.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages commensurate with the losses and not in excess of the amount claimed within Plaintiff's Administrative Claim.

Respectfully submitted:

**MUSI, MATTSON, DAUBENBERGER & CLARK, L.L.P.**

BY:

Thomas A. Musi, Jr., Esquire
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media, PA 19063
(610) 891-8806
*Counsel for Plaintiff*

Date: April 13, 2026

# VERIFICATION/CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing the below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date: April 14 , 2026

Robert Hershman

## VERIFICATION/CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing the below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Thomas A. Musi, Jr., Esquire
Attorney ID: 75950
Musi, Malone & Daubenberger, L.L.P.
21 West Third Street
Media, PA 19063
(610) 891-8806
*Counsel for Plaintiff*

Date: April 13, 2026